UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In Re:

          HOVA MANAGEMENT GROUP CORP

                                      Debtor.
-----------------------------------------------------------------x
STATE OF NEW YORK   )
                            ) SS.:
COUNTY OF QUEENS  )

Chapter 11

Case No. 23-40890

## AFFIDAVIT UNDER RULE 1007-4 OF THE LOCAL RULES OF BANKRUPTCY PROCEDURE

Esmaeil Hosseinipour, being duly sworn, deposes and says:

1.    I am the president of HOVA MANAGEMENT GROUP CORP , (the "Debtor"), the Corporation named as a petitioner in the within Chapter 11 petition (the "Petition") and I make this affidavit in compliance with the obligations of a Debtor in Possession pursuant to local Bankruptcy Rule 1007-4 .

2.    The Debtor is not a small business within the meaning of Bankruptcy Code §101(51D).

3.    This case was commenced by filing of a voluntary petition with this Court for the relief under Chapter 11 of the United States Bankruptcy Code 11 U.S.C. Section 101-*et seq* on March 16, 2023 (the "filing date").

4.    The Debtor is a New York Corporation with a principal place of business at 80-88 Dumfries Place, Jamaica Estates, NY 11432. The debtor which was established in 2002 to own, develop and manage real estate.

5.    Debtor currently owns and manages four apartment buildings that each contain 4 residential dwelling rental units.

6. A foreclosure lawsuit and imminent foreclosure sale by the mortgagee of the property forced the Debtor to file an emergency Chapter 11 Petition. Thus the Debtor requires the breathing room afforded by Chapter 11 to enable it to continue operations wherein it believes that it will be able to generate sufficient funds to promulgate a viable chapter 11 plan.

7. As set forth at the end of this affidavit The Debtor intends to use the Chapter 11 process to try to maximize the value of these properties, do a sale plan and satisfy all creditors in full.

8. This case was commenced as a Chapter 11 case recently and as such there has been no trustee or creditors committee appointed in this case as yet.

9. There is no pre-petition creditors committee.

10. Pursuant to bankruptcy Rule 1007 and the local rules of this Court, the debtor is required to file with this petition a list containing the names and addresses of the twenty largest unsecured creditors (i) excluding those who or which would not be entitled to vote at creditor meeting under 11 U.S.C. Section 702; (ii) such creditors who are employees of the debtor at the time of the filing of the petition of reorganization; and (iii) creditors who are 'insiders" as that term is defined in Section 101 (25) of the Bankruptcy Code. The list of the twenty largest unsecured creditors is annexed hereto.

11. The Debtor's assets consist primarily of the of the real estate and 4 apartment buildings located at 92-08 175 Street, Jamaica NY, 92-10 175 Street, Jamaica NY, 92-12 175 Street, Jamaica NY, and 92-14 175 Street, Jamaica NY. Each building contains 4 rental units for a total of 16 rental units. Currently 1 unit is vacant. There three tenants in 92-08 175th Street that are paying, and two tenants in 9-10 175th Street that are paying. There are also currently 3 landlord/tenant eviction proceedings pending. In 92-12 & 92-14, 175th Street, two tenants are performing, a superintendent resides in one who has public assistance paying approximately $650.00 per month and one apartment

is vacant. Four more eviction proceedings need to be commenced against tenants who are not currently paying rent. Rent demands have supposedly been sent. Anthony Mordente, Esq. is the landlord/tenant attorney that will need to be retained by the Debtor. The Debtor's personal property assets will be included on the Debtor's Schedule B-Personal Property filed simultaneously herewith.

12. At the current time, no professionals have been hired. Further, the application for the Debtor to retain the Law Office of Alan C. Stein, P.C., is being contemporaneously made herein. Anthony Mordente, Esq. is the landlord/tenant attorney that will need to be retained by the Debtor.

13. The list of the twenty (20) largest unsecured creditors has been filed.

14. The Debtor's liabilities consist of the following:

a) Secured debt in the approximate sum of $3,835,482.13 consisting of the balance due to Maspeth Federal Savings and Loan Association, which holds the mortgage on all of Debtor's real estate.

b) Real estate taxes due New York City Dept. of Finance for the four buildings in the approximate amount of $42,000 (quarterly taxes).

c) DEP- $4,800 for water owed on the properties; Con Edison - $12,000; HPD - $15,000 for violations; National Grid for $3,800 for heating.

15. The debtor operates is business from 80-88 Dumfries Place, Jamaica Estates, NY 11432.

16. The majority of the Debtor's assets are located at 92-08 175 Street, Jamaica NY, 92-10 175 Street, Jamaica NY, 92-12 175 Street, Jamaica NY, and 92-14 175 Street, Jamaica NY

17. The Debtor's property is not in the possession of a third party.

18. None of the shares of Debtor are publicly traded.

19. The debtor is managed by Esmaeil Hosseinipour who is president and 50% owner of the shares of the Corporation. Mr. Hosseinipour has been primarily managing the Debtor since its creation in 2002. Mr. Hosseinipour is currently responsible for all management duties of the Debtor. Habibulah Vafai owns the other 50% of the shares of the Debtor.

20. The books and records are maintained for two of the buildings in the business premises to wit: 92-08 and 92-10 175th Street. The books and records for 92-12 and 92-14 175th Street are kept by Mr. Vafai. For the last several years, since the dismissal of the prior bankruptcy, Esmaeil Hosseinipour had been responsible for managing 92-08 175th Street and 92-10 175th Street whereas Mr. Vafai was responsible for managing 92-12 175th Street and 92-14 175th Street. Unfortunately, Mr. Vafai has been suffering from deep depression and short term memory loss and has been having his son attend to some of his affairs. As of the date of this affidavit, the registration of the two buildings that have been tended to by Mr. Vafai are not registered with HPD. I had my expeditor proceed with the registration of the two buildings with HPD and such registration will be completed by next week. Upon information and belief, he has not been paying any bills except for $500.00 per month for his superintendent. I have a cleaning person that is an independent contractor and I pay him $500.00 per month.

21. I plan to take over the management of all the buildings, Evict the non-performing tenants, remove the HPD and City violations with the building and prepare the building for sale at the highest and best value which would be an owner occupant for the fist floor in each building and new tenants for the rest.

22. There is a foreclosure action pending in Supreme Court, County) of Queens entitled Maspeth Federal Savings and Loan Association v. Hova Management Group Corp; Supreme Court of State of New York, Index No 5975/13 and an auction sale was scheduled

for seizure of its property. There are a variety of other actions that exist in the County of Queens against debtor by Con Ed and some landlord tenant proceedings. There is one personal injury action for which no answer has been interposed. I have contacted plaintiff's counsel to let them know about the filing. There was no Liability Insurance in place on the date of the accident.

23. The corporation is run by President Esmaeil Hosseinipour. The amount of weekly payroll is $0.00 as there are no employees.

24. Within the 30 days prior to the filing of the Petition, the sole shareholders received a payment of approximately $0.00 in monies paid from the Corporation via payment of personal bills.

25. There will be no payroll expenses for the 30-day period following the filing of the Chapter 11 petition other than the two 1099 independent contractors set forth above in the sum of $500.00 per month each.

26. There will be no payments for the 30-day period following the filing of the Chapter 11 petition to shareholders, officers, or owners of the Corporation.

27. The only cash receipt expected within 30 days is the rent receipts of approximately $11,300.00.

28. Debtor intends to use the monies it receives during the next 30 days to pay a partial retainer to Anthony Mordente, Esq. ($6,000.00) to commence more eviction proceedings and to pay an expeditor New Code Consulting ($2,500.00) to grieve the taxes on the four buildings which will result in greater liquidity monthly and greater value to the buildings for the purposes of sale.

29. The Debtor's assets and liabilities will be included on the Debtor's Schedules to be filed simultaneously herewith.

filed simultaneously herewith.

30. As this Court is aware, the Debtor filed a Chapter 11 Bankruptcy proceeding in November, 2019. March 12, 2020 the world "shut down" for Covid and the entire bankruptcy plan of evicting tenants, and collecting rent from tenants to pay Maspeth became "somewhat impossible" due to the tenant protections that were placed into effect. Suddenly, almost no tenants were paying rent. The statute of limitations was tolled, evictions were stopped for more than one year and have only just started to resume. Similarly, foreclosure sales were stayed for a significant period of time.

31. My plan for the debtor to exit Bankruptcy is as follows: My plan is to evict the first floor tenant in 92-08 175th Street, cure the violations with HPD, grieve the taxes (which should be concluded by July, 2023 if New York City would agree) make the necessary minor repairs to make the property sellable, and list the property for sale within 4-5 months of filing. The goal would be to obtain a release of lien from the lender in exchange for an approximate 85% of net proceeds of the sale in order that the Debtor continue the evictions, continue clearing violations and then sell 92-10 175th Street. We would continue the process until all creditors whose claims are approved are paid 100% in full. After the sale of the third building, if all debts are paid in full, the Debtor would exit bankruptcy. If all debts would not be paid in full, the fourth building would be sold. We reasonably believe that this concept of a plan will result in the best possible outcome for debtor and there could be an approximate seven figure net to be shared by both shareholders.

32. The Debtor believes that it will be able to emerge from Chapter 11 with a successful plan of reorganization pursuant to which it will be able to maximize the value of the equity in its assets, while providing for the fee required payment to its creditors

_____
Esmaeil Hosseinipour

Sworn to before me on this
16 day of March, 2023.

_____
Notary Public

ALAN C. STEIN, ESQ.
Notary Public, State of New York
No. 02ST5051083
Qualified in Nassau County
Commission Expires October 23, 2025